IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CLIFFORD ALLEN SMITH, #184026 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-231 |
| | § | |
| GEAN LEONARD, ET AL. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Clifford Allen Smith, proceeding *pro se,* filed this action pursuant to 42 U.S.C. §1983. Having carefully reviewed Plaintiff's complaint and answers to the Court's interrogatories, this Court makes the following recommendation to the District Judge.

**Analysis**

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985),

*cert. denied*, 475 U.S. 1016 (1986).  In this case, Smith, an inmate at the Galveston County Jail, complains that on at least three occasions between November, 2005 and March, 2006, he was not allowed to visit the law library or his legal activities were hindered by the inadequacy of the library. As a result, Plaintiff asserts that he was harmed by his "constitutional and civil rights violated, being oppressed and exploited by county officials."  Plaintiff states that he missed no filing deadline and had no case dismissed as a result of the alleged violations by Defendants.

In order to successfully plead a claim of denial of access to courts, a Plaintiff must demonstrate or allege "actual injury," such as the dismissal of a claim or the inability to even present a claim before the court.  *Bounds v. Smith*, 430 U.S. 817 (1977); *Lewis v. Casey*, 518 U.S. 343 (1996).  The Supreme Court stressed that impairment of litigating capacity must be something greater than the incidental "and perfectly constitutional" consequences of conviction and incarceration.  *Lewis*, 518 U.S. at 620. In this case, Plaintiff suffered no harm as a result of being unable to use the law library during holidays when the jail was short-staffed; nor did he suffer any harm because the library is allegedly inadequate. Plaintiff has failed to offer one scintilla of evidence to indicate that he suffered any injury due to his allegations of denial of adequate library time or inadequate legal resources. This claim has no merit and is frivolous.

Accordingly, for the foregoing reasons, this Court is of the opinion that Plaintiff's claims have no arguable basis in law and fact as cognizable Section 1983 claims.  *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989);  *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). This Court therefore **RECOMMENDS** that the instant  cause be **DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **June 20, 2006,** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the     1st     day of June, 2006.

_____
John R. Froeschner
United States Magistrate Judge